IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK WAYNE JACKSON, Plaintiff | : | No. 2:22-CV-1430 |
| v. | : | Magistrate Judge Kelly |
| | : | Electronically Filed Document |
| C.O.1 STABLE AND SCI GREENE, Defendants | : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF 7)**

## I. STATEMENT OF THE CASE

Plaintiff, Derek Jackson ("Plaintiff"), is a *pro se* inmate currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Waymart ("SCI-Waymart"). Plaintiff initiated this suit by filing a Motion for Leave to Proceed *in forma pauperis* on October 12, 2022 (ECF 1), which this Court granted. (ECF 6). Plaintiff's Complaint was docketed on January 5, 2023. (ECF 7). The Defendants now move to dismiss the Complaint for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), the Court must "accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of [the plaintiff]," but "need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint." Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008); Mazur v. Milo's Kitchen, LLC, 2013 WL 3245203 (W.D. Pa. 2013) (*citing* California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004). The plaintiff must "nudge [his or her] claim across the line from conceivable to plausible" in order to survive a motion to dismiss. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).

*See also* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557, 570 (2007) (rejecting the "no set of facts" standard") *and* Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (finding that a complaint must do more than allege the plaintiff's entitlement to relief but rather 'show' such an entitlement via its facts.).

This plausibility requirement means that the complaint must provide enough factual matter to suggest the required element of the claim; in other words, it calls for "enough facts to state a claim to relief that is plausible on its face." Barber v. Pennsylvania State Police, 2007 WL 2071896, *2 (W.D. Pa. 2007) (*citing* Twombly, 550 U.S. at 1974). The Court need not accept legal conclusions or inferences drawn by plaintiff if unsupported by the facts set forth in the complaint. Barber, 2007 WL 2071896, at *2 (*citing* California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d at 143 and Twombly, 550 U.S. at 1965).

The United States Supreme Court has made it clear that the Twombly standard applies to §1983 claims. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Expanding on its decision in Twombly, the Supreme Court stated:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.... where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.' Fed. R.Civ. P. 8(a)(2).

Iqbal, 556 U.S., at 678-79. *See also* Singer v. Heckler, 2015 WL 8992438, *5 (W.D. Pa. 2015).

Finally, *pro se* pleadings are construed more liberally than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Notwithstanding this liberality, *pro se* pleaders are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## III. ARGUMENT

### A. All claims against Department of Corrections, SCI-Greene must be dismissed on Eleventh Amendment immunity grounds.

In his Complaint, Plaintiff names the DOC, SCI-Greene, government agencies, as Defendants in this case. (*See* ECF 7). The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Pennhurst State School & Hospital v. Haldeman, 465 U.S. 89 (1984). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

A state's Eleventh Amendment immunity can be lost only by Congressional abrogation or by waiver and consent. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 56-65 (1996); Burns v. Alexander, 776 F.Supp.2d 57, 72 (W.D. Pa. 2011). Although the Pennsylvania General Assembly has waived the Commonwealth's immunity under certain narrow exceptions in Pa. C.S. §8522, it has expressly refrained from waiving its immunity in federal courts. 42 Pa. C.S. §8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *see also* Pa. Const. Art. 1 § 11; 1 Pa. C.S. §2310; Toth v.

California University of Pennsylvania, 844 F.Supp.2d 611, 648 (W.D. Pa. 2012). Commonwealth agencies are immune from suit in federal court under the Eleventh Amendment. Lusick v. Philadelphia, 549 Fed. Appx. 56, 58 n.2 (3d Cir. 2013) (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 236 (3d Cir. 2005)).

In the instant action, the Plaintiff asserts claims against the DOC, SCI-Greene. Eleventh Amendment immunity is a clear bar to any claims against these Defendants in this matter, and Plaintiff has otherwise failed to state a claim against SCI-Greene and DOC for any basis. Therefore, all claims against SCI-Greene and DOC must be dismissed with prejudice.

**B. Plaintiff's claims of aggravated assault and aggravated harassment must be dismissed on immunity grounds.**

Plaintiff alleges claims of aggravated assault and aggravated harassment in his Complaint. (*See* ECF 7). However, these claims alleged by Plaintiff must be dismissed on immunity grounds.

Unless otherwise waived, the Commonwealth of Pennsylvania, its agencies, and its employees acting within the scope of their employment enjoy sovereign immunity from suit. 1 Pa.C.S. § 2310 provides:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

There is no waiver of sovereign immunity for intentional torts. Wilson v. Marrow, 917 A.2d 357, 364-54 (Pa. Cmwlth. 2007); Pickering v. Sacavage, 642 A.2d 555 (Pa. Cmwlth. 1994).

This includes the intentional torts of assault and battery. Ortiz v. Baird, 2013 WL 1290555 at *9 (W.D. Pa. 2013).

Here, because Plaintiff is alleging claims of intentional torts, Defendants are entitled to sovereign immunity. Therefore, Plaintiff's claims of aggravated assault and aggravated harassment must be dismissed with prejudice.

**C. Plaintiff fails to state any claim under the Eighth Amendment.**

In his Complaint, Plaintiff generally alleges an excessive force claim against Defendant Stabile in violation of his rights under the Eighth Amendment. However, Plaintiff fails to allege sufficient facts to support any such claim under the Eighth Amendment.

"An Eighth Amendment claim has an objective and subjective component. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992). The defendant must act with a "sufficiently capable state of mind," and the conduct must be objectively harmful enough to violate the Constitution. Wilson v. Seiter, 501 U.S. 294, 298, 303, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991). For the subjective component of an excessive force claim in the prison context, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Ricks v. Shover, 891 F.3d 468, 480 (3d Cir. 2018); *see also* Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002); Wilkins v. Gaddy, 559 U.S. 34, 37 (2010); Hudson, 503 U.S. at 6-7, 112 S. Ct. 995. A touchstone of the analysis is that the Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends "contemporary standards of decency." Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000) (*quoting* Whitley v. Albers, 475 U.S. 312, 319 (1986)); *see* Hudson, 503 at 8-9, 112 S. Ct. 995. For the subjective component, the court must analyze several factors: (1) the need for the application of force, (2) the relationship between the need and the amount of force

that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response. Smith, 293 F.3d at 649 (*quoting* Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) and *citing* Hudson, 503 U.S. at 7).

Here, Plaintiff fails to allege any facts sufficient to establish a claim of excessive force against Defendant Stabile. Rather, Plaintiff merely alleges general, bald assertions that Plaintiff was "attacked" and "beaten" by Defendant Stabile, but offers no other facts in support. Plaintiff provides no specific action taken by Defendant Stabile to establish such a claim, and the mere assertion that Plaintiff was "attacked" is not enough. The same applies to Plaintiff's claims of aggravated assault and aggravated harassment. It is unclear what specific actions taken by Defendant Stabile constituted excessive force, aggravated assault, or aggravated harassment, because Plaintiff fails to assert any such facts. Therefore, Plaintiff's claim of excessive force under the Eighth Amendment against Defendant Stabile must be dismissed.

**D. Plaintiff has failed to state any claim under the Fourteenth Amendment.**

Plaintiff alleges a claim under the Fourteenth Amendment, but does not allege any facts to support such a claim. Nor does Plaintiff provide any facts or allegations that would implicate any protections under the Fourteenth Amendment. Because the allegations in Plaintiff's Complaint are very minimal, Plaintiff has failed to establish any viable claim under the Fourteenth Amendment. Therefore, judgment should be entered in favor of the Defendants regarding Plaintiff's Fourteenth Amendment claim.

## IV. CONCLUSION

WHEREFORE, the Defendants respectfully request the instant motion be granted in its entirety and that all claims against them be dismissed with prejudice.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: *s/ Annamarie Truckley*
ANNAMARIE TRUCKLEY
Deputy Attorney General
Attorney ID 320474

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date: March 30, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK WAYNE JACKSON, | : | No. 2:22-CV-1430 |
| Plaintiff | : | |
| | : | Magistrate Judge Kelly |
| v. | : | |
| | : | Electronically Filed Document |
| C.O.1 STABLE AND SCI GREENE, | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Annamarie Truckley, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 30, 2023, I caused to be served a true and correct copy of the foregoing document titled ***BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF 7)*** to the following:

VIA U.S. MAIL
Smart Communications/PADOC
Derek Wayne Jackson, GQ-3151
SCI Waymart
PO Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

*s/ Annamarie Truckley*
ANNAMARIE TRUCKLEY
Deputy Attorney General