IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK WAYNE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1430 |
| | ) | Chief Judge Mark R. Hornak |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| DEPARTMENT OF CORRECTIONS, C.O. 1 STABILE, | ) | Re: ECF No. 16 |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

Plaintiff Derek Wayne Jackson, an inmate now incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), brings this *pro se* action arising out of allegations that he experienced excessive force while incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). ECF No. 7.

Presently before the Court is a Motion to Dismiss filed by Defendants C.O. 1 Stabile ("Stabile") and SCI-Greene[1] (collectively, "Defendants"). ECF No. 16. For the reasons below, it is respectfully recommended that the Motion to Dismiss be granted in part and denied in part.

### II.   REPORT

#### A.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began this action on October 12, 2022, by filing a Motion for Leave to Proceed *in*

---

[1] In his Complaint, Plaintiff names this defendant as the Department of Corrections ("DOC"). ECF No. 7 at 2. But he identifies the title and address of this defendant as SCI-Greene, which is a DOC facility. Id. Based on this, the Court construes Plaintiff's Complaint as asserting claims against SCI-Greene. Even if Plaintiff intended to name the DOC in addition or instead, however, his claims against this defendant should be dismissed for the reasons discussed below.

*forma pauperis* ("IFP Motion"), together with a proposed Complaint. ECF No. 1. After Plaintiff cured certain deficiencies with his filing, the Court granted Plaintiff's IFP Motion on January 6, 2023, and his Complaint was filed on the same date. ECF Nos. 6 and 7.

### 1. Complaint

In his Complaint, Plaintiff alleges that on December 29, 2020, he was "attacked and beaten" by Stabile, a Corrections Officer at SCI-Greene. As a result, Plaintiff suffered broken teeth and injuries to his head, arms, back and jaw. Based on these allegations, he brings claims against Stabile and SCI-Greene under the Eighth and Fourteenth Amendments and for "aggravated assault" and "aggravated harassment." ECF No. 7 at 3-5.

### 2. Motion to Dismiss

On March 30, 2023, Defendants filed this Motion to Dismiss and Brief in Support. ECF Nos. 16 and 17.

On April 11, 2023, Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 22. Without leave of Court, Plaintiff later submitted multiple supplemental filings in further opposition to the Motion to Dismiss. ECF Nos. 23, 27 and 36.[2]

The Motion to Dismiss is now ripe for consideration.

### B. STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the

---

[2] In his supplemental filing at ECF No. 36, Plaintiff includes a request to amend his complaint to plead claims for attempted murder and retaliation. Id. at 2-3. The Court notes that "attempted murder" is a crime, which is not properly asserted in this civil action. If Plaintiff seeks leave to amend his Complaint, moreover, he must separately file a motion to amend and include a proposed amended complaint. Plaintiff also requests an evidentiary hearing. Id. at 3. The Court notes that an evidentiary hearing is not appropriate for resolving this motion to dismiss. With certain limited exceptions, this motion is decided solely on the pleadings. If Plaintiff is requesting an evidentiary hearing on another matter, he should file an appropriate motion and explain the basis for this request.

plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read

'with a measure of tolerance'"); Freeman v. Department of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the Court's procedural flexibility: "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

## C. DISCUSSION

### 1. Claims against SCI-Greene

As Defendants point out, Plaintiff's claims against SCI-Greene are barred by the Eleventh Amendment. ECF No. 17 at 3.[3] The Eleventh Amendment generally precludes private individuals from bringing suit against a state, or one of its agencies, in federal court. Sheffer v. Centre Cnty., No. 4:18-cv-2080, 2019 WL 2621836, at *4 (M.D. Pa. May 23, 2019) (citing U.S. Const. Amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984)). This is a jurisdictional bar, which applies regardless of the relief sought, including claims brought in equity. Id. (citing Pennhurst, 465 U.S. at 100). None of the three exceptions—congressional abrogation, waiver by the state, or suits against individual state officials for prospective relief to prospective injunctive and declaratory relief to end an ongoing violation of federal law—is met here. See Pa. Fed'n of

---

[3] Plaintiff does not address this argument in his response. ECF No. 22.

4

Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). Accordingly, the Court should grant the Motion to Dismiss as to Plaintiff's claims against SCI-Greene.[4]

### 2. Claims against Stabile

#### a. Eighth Amendment Claim

In support of the Motion to Dismiss, Defendants argue that Plaintiff's Eighth Amendment claim against Stabile should be dismissed for failure to state a claim. Defendants argue that Plaintiff fails to include supporting facts and does not articulate any "specific action" beyond his claim that Stabile attacked and beat him. ECF No. 17 at 6.

In response, Plaintiff argues that he clearly pleaded that Stabile wrongfully harmed him. He argues that further discovery (such as a video of the incident) will support his claims, and that he was slammed and beaten unconscious and later woke with missing teeth, his mouth full of blood, and various cuts and bruises. ECF No. 22 at 2, 5.

The Eighth Amendment's protection against cruel and unusual punishment is the "primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified." Brooks v. Kyler, 204 F.3d 102, 105 (3d Cir. 2000). In determining if excessive force was used, the "pivotal inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (citing Brooks, 294 F.3d at 106, quoting Hudson v. McMillian, 503 U.S.1 (1992)); see also Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

Upon review, Plaintiff alleges that he was attacked and beaten by Stabile to the point that he suffered broken teeth and multiple other injuries. At this preliminary stage of the litigation, Plaintiff states a plausible claim for use of excessive force under the Eighth Amendment.

---

[4] As discussed, *supra* n. 1, the Court construes Plaintiff's claims as asserted against SCI-Greene. That said, Plaintiff's claims would also be properly dismissed based on the same analysis against the DOC.

Accordingly, the Court should deny the Motion to Dismiss as to Plaintiff's Eighth Amendment claim against Stabile.

### b. Fourteenth Amendment Claim

Defendants also argue that Plaintiff's Fourteenth Amendment claim should be dismissed because he does not plead any facts or include any allegations to implicate the protections of the Fourteenth Amendment. ECF No. 17 at 6. Plaintiff does not address this claim in his response. ECF No. 22.

Upon review, the Court should grant the Motion to Dismiss as to Plaintiff's Fourteenth Amendment claim. The explicit source rule precludes a claim under the Fourteenth Amendment where the claim is covered by a specific constitutional provision. Because Plaintiff's excessive force claim arises under the Eighth Amendment, the explicit source rule prohibits a similar claim under the more generalized notion of substantive due process contained in the Fourteenth Amendment. Albright v. Oliver, 510 U.S. 266, 273 (1994)). Accordingly, Plaintiff's Fourteenth Amendment claim should be dismissed.

### c. Claims for "Aggravated Assault" and "Aggravated Harassment"

Plaintiff also purports to bring claims of "aggravated assault" and "aggravated harassment." ECF No. 7 at 3. In support of the Motion to Dismiss, Defendants argue that any such claims should be dismissed because they enjoy sovereign immunity for intentional tort claims. ECF No. 17 at 4-5. Defendants also argue that Plaintiff's allegations that he was "attacked" and "beaten" by Stabile are not sufficiently specific. Id. at 6.

In response, Plaintiff argues that he has sufficiently pleaded the alleged assault by Stabile, and fact discovery is needed to provide additional details. ECF No. 22 at 2.

Upon review, and considering Plaintiff's *pro se* status, the Court construes Plaintiff's claim for "aggravated assault" and "aggravated harassment" as a state law tort claim for assault. Under Pennsylvania law, the Commonwealth and its employees have broad immunity from most state-law tort claims. Fennell v. Wetzel, No. 4:17-cv-1520, 2019 WL 1264898, at *10 (M.D. Pa. Jan. 18, 2019) (citing 1 Pa. Const. Stat. § 2310) ("the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity"); see also Moore v. Commonwealth, 538 A.2d 111, 115 (Pa. Commw. Ct. 1988) ("In other words, if the Commonwealth is entitled to sovereign immunity under Act 152, then its officials and employees acting within the scope of their duties are likewise immune"). This immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'" Larsen v. State Employees' Ret. Sys., 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008). "Conduct of an employee is within the scope of employment if 'it is of a kind and nature that the employee is employed to perform; [and] it occurs substantially within the authorized time and space limits . . . .'" Fennell, 2019 WL 1264898, at *10 (quoting Brautigan v. Fraley, 684 F. Supp. 2d 589, 593-94 (M.D. Pa. 2010)) (internal quotations omitted).

Courts in the Third Circuit have held, however, that intentionally tortious conduct which is "'unprovoked, unnecessary, or unjustified by security concerns or penological goals' does not fall within the scope of employment for purposes of sovereign immunity." Id. at *11 (citing Wesley v. Hollis, No. 03-3130, 2007 WL 1655483, at *15 (E.D. Pa. June 6, 2007); R.B. Hollibaugh, No. 1:16-cv-663735, 2017 WL 663735, at *16 (M.D. Pa. Feb. 1, 2017), *report & recommendation adopted*, 2017 WL 661577 (M.D. Pa. Feb. 17, 2017) (several correctional

officers denied sovereign immunity when they allegedly physically assaulted the plaintiff based on racial animus); Savage v. Judge, No. 05-2551, 2007 WL 29283, at *5 (E.D. Pa. Jan. 2, 2007) (correctional officer not entitled to sovereign immunity on allegation that he assaulted an inmate to prevent him from testifying in a case against multiple correctional officers); Velykis v. Shannon, No. 1:cv-06-0124, 2006 WL 3098025, at *3-4 (M.D. Pa. Oct. 30, 2006) (correctional officer not entitled to sovereign immunity when he allegedly slammed the door of a transport van shut on the plaintiff's head)).

At this preliminary stage, the Court should not dismiss Plaintiff's assault claim against Stabile. Further factual development is necessary to determine whether Stabile was acting within the scope of his duties when he allegedly assaulted Plaintiff. Plaintiff's allegations that Stabile attacked and beat him are also sufficient to state a plausible claim for assault under Pennsylvania law. Accordingly, the Court should deny the Motion to Dismiss Plaintiff's assault claim against Stabile.

### D. CONCLUSION

For the reasons discussed, it is respectfully recommended that the Court should grant in part and deny in part Defendants' Motion to Dismiss, ECF No. 16. The Court should grant the Motion to Dismiss as to Plaintiff's Fourteenth Amendment claim and his claims against SCI-Greene, and it should deny the Motion to Dismiss in all other respects.

"If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. Because leave to amend as to Plaintiff's Fourteenth Amendment claim and as to his claims

against SCI-Greene[5] would be futile, the Court should dismiss these claims with prejudice and without leave to amend.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: August 23, 2023

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Mark R. Hornak,
      United States District Judge

      DEREK WAYNE JACKSON
      GQ3151
      SCI Mahanoy
      301 Grey Line Drive
      Frackville, PA 17931

      All counsel of record via CM/ECF.

---

[5] If Plaintiff intended to name the DOC as a defendant, leave to amend would also be futile for the reasons discussed herein.