# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK WAYNE JACKSON,** | : | No. 2:22-CV-1430 |
| Plaintiff | : | |
| | : | Magistrate Judge Kelly |
| v. | : | |
| | : | Electronically Filed Document |
| **C.O.1 STABLE AND SCI GREENE,** | : | |
| Defendants | : | |

## ANSWER TO COMPLAINT [ECF 7]

AND NOW, comes the Defendant, C.O.1 Stable, by and through his attorney, Dalia A. Aboraya, Deputy Attorney General and Pennsylvania Office of Attorney General, and files the within Answer to Plaintiff's Complaint [ECF 7] and, in support thereof, avers as follows:

**I.     The Parties to This Complaint**

**A. The Plaintiff(s)**

Admitted in part. Plaintiff is currently located at SCI-Mahanoy.

**B. The Defendant(s)**

**Defendant No. 1**

Admitted.

**Defendant No. 2**

As SCI Greene is no longer a defendant this paragraph pertains to individuals other than the Answering Corrections Defendant and as such no response is required. To the extent a response is deemed required, these allegations are denied and strict proof is demanded at trial.

**II.     Basis for Jurisdiction**

    A. This paragraph contains legal conclusions regarding jurisdiction that require no responsive pleading. To the extent there are facts alleged against the Corrections Defendant, such facts are denied and strict proof is demanded at trial.

    B. This paragraph summarizes the sources of legal authority and claims made later in the Complaint. To the extent this paragraph contains legal conclusions no responsive pleading is required. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded at trial.

    C. This paragraph has been left blank by Plaintiff and as such, no response is required. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded at trial.

    D. After reasonable investigation, Answering Corrections Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations. Therefore, these allegations are denied and strict proof is demanded at trial.

III. **Prisoner Status**

This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded.

IV. **Statement of Claim**

    A. This paragraph has been left blank by Plaintiff and as such, no response is required. To the extent there are facts alleged against the Corrections Defendant, such facts are denied and strict proof is demanded at trial.

    B. Denied. Strict proof is demanded at trial.

    C. Denied. Strict proof is demanded at trial.

    D. Denied. Strict proof is demanded at trial.

## V. Injuries

This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded at trial.

## VI. Relief

This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded at trial.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded at trial.

## VIII. Previous Lawsuits

This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded at trial.

## IX. Certification and Closing

This paragraph contains legal conclusions that require no responsive pleading. To the extent there are facts alleged against the Answering Corrections Defendant, such facts are denied and strict proof is demanded at trial.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim on which relief may be granted.

### SECOND DEFENSE

Plaintiff was not deprived of any rights under the United States Constitution.

### THIRD DEFENSE

Plaintiff was not deprived of any rights under the Eighth Amendment.

### FOURTH DEFENSE

At no time did Answering Defendant, either individually or in concert with others, deprive or sought to deprive the Plaintiff of any rights, privileges, or immunities secured to him by the Constitution or the laws of the United States.

### FIFTH DEFENSE

Plaintiff failed to properly exhaust his remedies under the PLRA or has otherwise procedurally defaulted.

### SIXTH DEFENSE

Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

### SEVENTH DEFENSE

The Answering Defendant is entitled to all immunities and protections under the law, including sovereign immunity and qualified immunity.

### EIGHTH DEFENSE

The Answering Defendant lacks the necessary personal involvement required to support liability under 42 U.S.C. § 1983.

## NINTH DEFENSE

Plaintiff's injuries or damages, if such injuries or damages occurred, were exclusively caused by circumstances beyond the Answering Defendant's control, or the supervening acts of third parties over which Answering Defendant had no control.

## TENTH DEFENSE

Answering Defendant acted reasonably at all times.

## ELEVENTH DEFENSE

The Answering Defendant was at all times acting in good faith and in an objective, reasonable manner and did not violate any clearly established federal rights of Plaintiff. Therefore, they are entitled to qualified immunity and/ or qualified immunity from civil damages.

## TWELFTH DEFENSE

The Answering Defendant was at all times acting pursuant to duties required or authorized by statute or regulation and therefore said acts were within the discretion granted to Answering Corrections Defendant by statute or statutorily authorized by regulation.

## THIRTEENTH DEFENSE

The Answering Defendant reserves any and all defenses set forth at Fed. R.Civ. P. 8(c)(1).

## FOURTEENTH DEFENSE

The Answering Defendant reserves the right to amend this Answer to assert additional defenses which may become apparent during investigation or discovery.

**A JURY TRIAL IS HEREBY DEMANDED**

WHEREFORE, the Answering Corrections Defendant denies any and all liability to the Plaintiff and requests that judgment be entered in their favor and against Plaintiff.

                                **Respectfully submitted,**

                                **MICHELLE A. HENRY**
                                **Attorney General**

**By:**    *s/ Dalia A. Aboraya*
          **DALIA A. ABORAYA**
**Office of Attorney General**           **Deputy Attorney General**
**1251 Waterfront Place**              **Attorney ID 328038**
**Mezzanine Level**
**Pittsburgh, PA 15222**                **KAREN M. ROMANO**
**Phone: (412) 565-7653**            **Chief Deputy Attorney General**
                                **Civil Litigation Section**

[daboraya@attorneygeneral.gov](mailto:daboraya@attorneygeneral.gov)

**Date: November 16, 2023**           **Counsel for Defendants**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK WAYNE JACKSON,** | : | No.  2:22-CV-1430 |
| Plaintiff | : | |
| | : | Magistrate Judge Kelly |
| v. | : | |
| | : | Electronically Filed Document |
| **C.O.1 STABLE AND SCI GREENE,** | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Dalia A. Aboraya, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 16, 2023, I caused to be served a true and correct copy of the foregoing document titled Answer to Complaint [ECF 7] to the following:

**VIA U.S. MAIL**

**Derek Wayne Jackson, GQ-3151
SCI Mahanoy
PO Box 33028
St. Petersburg, FL 33733**
*Pro Se Plaintiff*

                                             *s/ Dalia A. Aboraya*
                                             **DALIA A. ABORAYA**
                                             Deputy Attorney General