## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEREK WAYNE JACKSON,                  )
                                   )
        Plaintiff,                  )      Civil Action No. 22-1430
                                   )
             v.                  )      Chief Judge Mark R. Hornak
                                   )      Magistrate Judge Maureen P. Kelly
C.O.1 STABILE,                  )
                                   )      Re: ECF No. 37
        Defendant.                  )
                                   )

## REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

Plaintiff Derek Wayne Jackson ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), brings this *pro se* action arising out of allegations that Defendant C.O. 1 Stabile ("Stabile") used excessive force against him while he was incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). ECF No. 7.

Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's previous Order denying his request for the appointment of counsel. ECF No. 37. For the reasons that follow, it is respectfully recommended that this motion should be granted.[1]

### II.     REPORT

#### A.  PROCEDURAL HISTORY

Plaintiff began this action on October 12, 2022, by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), together with a proposed Complaint. ECF No. 1. After Plaintiff

---

[1] By the Order of Court dated March 24, 1999, entered pursuant to the resolution of the Board of Judges of the United States District Court for the Western District of Pennsylvania In re: Funding of Plan for the Appointment of Counsel in Select Pro Se Prisoner Civil Rights Actions (Miscellaneous No. 99-95), if a magistrate judge concludes that counsel should be appointed in a particular case, the magistrate judge shall submit a report and recommendation to the district court judge to whom the civil action is assigned for approval.

cured certain deficiencies with his filing, the Court granted Plaintiff's IFP Motion on January 5, 2023, and his Complaint was filed on the same date.  ECF Nos. 6 and 7.  Defendants Stabile and SCI-Greene then moved to dismiss. ECF No. 16.

On April 21, 2023, Plaintiff filed a Motion to Appoint Counsel.  ECF No. 24.  Because Defendants' Motion to Dismiss was pending, the Court denied Plaintiff's request as premature. ECF No. 31.  The Court explained, however, that Plaintiff could later renew this request as appropriate.  Id. at 3.

On August 8, 2023, Plaintiff filed the instant Motion for Reconsideration, requesting that the Court reconsider its denial of his request for counsel.  ECF No. 37.  In support, Plaintiff attached medical records showing that he has been diagnosed with "serious mental illness," specifically, schizoaffective disorder, bipolar type.  Id. at 3.

The undersigned submitted a Report and Recommendation relative to the Motion to Dismiss on August 23, 2023, recommending that Plaintiff's Fourteenth Amendment claim and claims against SCI-Greene should be dismissed, and the Motion to Dismiss should be denied in all other respects.  ECF No. 40 at 8.  Chief Judge Mark R. Hornak adopted the Report and Recommendation, granting in part and denying in part the Motion to Dismiss.  ECF No. 41.  As a result, Plaintiff's only remaining claims are an Eighth Amendment claim and assault claim against Stabile.

Because the Court has since resolved Defendant's Motion to Dismiss, it now considers the instant Motion for Reconsideration, ECF No. 37, as a renewed request for the appointment of counsel.  Defendant has filed a response to Plaintiff's motion, noting that he defers to the Court's judgment about whether counsel should be appointed.   ECF No. 48 at 2.

The Motion for Reconsideration is now ripe for consideration.

## B. DISCUSSION

In considering a motion for the appointment of counsel, the Court must determine whether to request counsel to represent this indigent litigant under 28 U.S.C. § 1915(e)(1), fully recognizing that if successful, counsel may be entitled to recover fees under Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); see also Tabron, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457. "This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

To begin, the Court finds that Plaintiff's claims have arguable merit in fact or law. Plaintiff's Eighth Amendment and assault claims against Stabile have survived a Rule 12(b)(6) motion to dismiss.

Turning to the <u>Tabron</u> factors, these factors broadly weigh in favor of appointing counsel.

As for factors one, two and three: although this case does not involve any particularly complex legal issues, Plaintiff may not have the capacity to sufficiently present and investigate his claim *pro se*. Plaintiff has struggled to understand litigation procedures and to prepare and file appropriate motions and pleadings in various cases before this Court.[2] <u>See, e.g.</u>, ECF Nos. 11, 32, 33, and 35. The Court also notes Plaintiff's severe mental illness and limited reading abilities, which the Court has found in prior cases to warrant the appointment of counsel. ECF No. 37; <u>Jackson v. Pa. Dep't of Corr.</u>, No. 14-1604 (W.D. Pa. May 15, 2015), at ECF No. 47; <u>Jackson v. Martin</u>, No. 19-1584 (W.D. Pa. Sept. 15, 2020), at ECF No. 33. Thus, factors one and three support the appointment of counsel.

The fourth and fifth factors also weigh in favor of appointing counsel. Plaintiff claims that Defendant used excessive force, resulting in injuries. ECF No. 7. Similar claims often turn on credibility determinations as to whether force was reasonably used (or used at all) and may require the use of expert medical testimony at trial.

Finally, the sixth factor also weighs in favor of appointing counsel. Given that Plaintiff has been granted *in forma pauperis* status, ECF No. 6, it appears that he would be unable to afford to retain counsel on his own behalf.

---

[2] In <u>Jackson v. Martin</u>, Case No. 19-1584 (W.D. Pa. 2019), for example, Plaintiff filed numerous miscellaneous exhibits, correspondence, and other materials despite the Court's repeated instructions regarding appropriate filings and the fact that Plaintiff's claims were stayed to obtain counsel. <u>See, e.g.</u>, <u>id.</u> at ECF Nos. 51-75. On one occasion, Plaintiff's correspondence included mouse feces as part of the document. <u>Id.</u> at ECF No. 83.

Because the relevant factors support the appointment of counsel, the Court should grant Plaintiff's Motion for Reconsideration, ECF No. 37.

## C. CONCLUSION

For these reasons, Plaintiff's Motion for Reconsideration, ECF No. 37, should be granted. The Court should exercise its discretion under 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections the parties are permitted to file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: December 20, 2023            Respectfully submitted,

                                    MAUREEN P. KELLY
                                    UNITED STATES MAGISTRATE JUDGE

cc:    DEREK WAYNE JACKSON
       GQ3151
       SCI Mahanoy
       301 Grey Line Drive
       Frackville, PA 17931

       All counsel of record via CM/ECF.

5